RIDABOCK *vs.* LEVY.

A vice chancellor, by virtue of that office, is not authorized to take the ac knowledgment of deeds and other legal instruments, so as to make such acknowledgment legal evidence of the execution of the deed or instrument without further proof.

Where by mistake an appeal bond is not acknowledged before a proper officer, the error may be corrected by a new acknowledgment of the bond filed. But where the object of the appeal is to take advantage of a mere technical error on the part of the respondent, the court will not allow such a mistake in the acknowledgment of the appeal bond to be corrected.

The court will not relieve a party from the consequences of a mere technical slip in his practice, to enable him to take advantage of a similar slip of his adversary.

Where the appeal bond is not duly acknowledged according to the provisions of the 172d rule of the court of chancery, the appeal is irregular, and may be dismissed for that cause.

THIS was an application to dismiss an appeal from an April 7. order of the vice chancellor of the first circuit, authorizing the complainant to re-swear his bill, and file it nunc pro tunc. The objection to the regularity of the appeal was that the appeal bond was acknowledged before the vice chancellor, instead of an officer authorized by law to take the acknowledgment of deeds, &c. as required by the 172d rule of the court.

*T. S. Brady*, for the appellant.

*J. Rhoades*, for the respondent.

THE CHANCELLOR. The vice chancellor does not appear to be authorized to take the acknowledgment of deeds and other instruments, so as to make that acknowledgment legal evidence without further proof. He is only empowered to do those duties which the circuit judge of the first circuit was originally authorized to do as a vice chancellor. That did not include the right to take acknowledgments ; which was a statutory power given to the officer in his character of circuit judge merely, and not as an officer of

the court of chancery. The objection to the bond, however, was merely technical, and as the appellant's solicitor offered to have the bond properly acknowledged, it would be a matter of course to permit it now to be done, and to retain the appeal upon the usual terms, if any substantial right of the appellant was to be sacrificed by granting this motion. But it appears that the object of the appeal itself is to enable the appellant to avail himself of a mere technical objection to the manner of verifying the respondent's bill ; the same having been originally sworn to before a commissioner of deeds, who was the complainant's solicitor. Under those circumstances the vice chancellor was probably right in permitting the bill to be re-sworn before another officer, without prejudice to the injunction. At all events, this court will not, where the appellant himself has made a slip, relieve him from the consequences thereof for the mere purpose of enabling him to take advantage of a similar slip on the part of his adversary.

The appeal must therefore be dismissed with costs.