WILLIAM B. HAYFORD *et al. vs.* CHARLES A. EVERETT.

Piscataquis. Decided November 30, 1878.

*Execution, Amendment. Judicial discretion.*

The statute requires an execution against a town to run against the real estate situated therein, and against the personal property of its inhabitants. If issued only against real and personal property owned by the inhabitants of the town, the land of a non-resident proprietor cannot be legally sold thereon.

The court can, in its discretion, render such sale valid by permitting an amendment of the execution. If the question of amendment is acted upon by a judge at *nisi prius,* his action is not reviewable by the law court, unless he decides the question as one of law instead of expediency, or sends the record to the law court for its opinion, or allows an amendment not by law allowable.

The amendment should be allowed or disallowed according as it is or is not in the furtherance of justice. There can be no other rule to guide the court in exercising its discretionary power in such cases.

The land was sold with technical and without actual notice to the owners; they knew nothing of the sale until too late to redeem therefrom; the value of the land greatly exceeded the price bid for it; the purchaser and the seller can be restored substantially to their former conditions if the sale be not upheld; and. the owners would be serious losers if upheld. Amendment disallowed.

ON REPORT.

WRIT OF ENTRY, for about 13,300 acres of wild land in Kingsbury, in the county of Piscataquis, for which the defendant paid $598.32, on an execution sale. The plaintiffs put in evidence tending to show that they were in possession under deeds making a *prima facie* chain of title for a full and valuable consideration. The identity of the land was not questioned.

The defendant put in copy of record of a judgment recovered at the October term, S. J. C. Penobscot county, 1873, in favor of the county of Piscataquis, against the inhabitants of Kingsbury.

Also, execution issued on the judgment, dated April 10, 1875, for the sum of $495.48 damage, and $16.08 costs of suit, with the following direction to the officer: " We command you, therefore, that of the goods, chattels or lands of said debtor within your precinct you cause to be paid and satisfied unto said creditor, at the value thereof in money, the aforesaid sums, being $511.56 in the whole, and legal interest on the debt and costs since the

rendition of judgment, together with forty-five cents more for this and two former writs, and thereof also to satisfy yourself for your own fees."

Also the officer's return of seizure and sale to the defendant of the lands embraced in the suit for the sum of $598.32.

The defendant submitted the following motion to amend the execution, the full court to pass upon it with the same effect as at *nisi prius :* " Defendant moves this court for leave to amend the execution issued from the clerk's office, S. J. C. Penobscot county, on which the officer seized and sold the land in dispute, and the former executions on the same judgment.

" That J. H. Burgess, the present clerk of said courts, add to and insert in said executions in the proper places, ' that of the goods and chattels of said inhabitants within your precinct, and of the real estate situated in said town of Kingsbury.'

" That E. C. Brett, the former clerk who issued the executions, be permitted to make the amendments aforesaid."

There was evidence that the defendant was, at the time of the seizure and sale upon execution, county attorney for the county of Piscataquis, the creditor in the judgment execution, and had the control of the proceedings by the officer in fixing the time and the place of sale, which was at the county attorney's office ; that, though the statute notice thereof was given, the plaintiffs had no notice in fact of any proceedings hostile to their ownership until the year had passed within which they had by law a right to redeem from the sheriff's sale.

*F. A. Wilson & C. F. Woodard,* for the plaintiffs, thought the execution was not amendable, and contended that, if it were, the power of the court to amend was discretionary, and that the amendment ought not to be granted in such a case as this.

*C. A. Everett, pro se,* contended that the court had the power to amend, referred to the adage of " glass houses," and said that the title under which the plaintiffs claimed was a tax title for which their grantor paid $6.80, and was void for informality.

*Wilson,* for plaintiffs, replied that his clients had a warranty deed, for which they paid full consideration, and under which they were in possession.

PETERS, J. The county of Piscataquis recovered a judgment against the town of Kingsbury. The statute requires that the execution on such a judgment, shall be issued against the goods and chattels of the inhabitants of the town, and against the real estate situated therein, whether owned by such town or not. This requirement was neglected, and the execution issued runs only against the property of the inhabitants of the town. Upon this execution the officer sold real estate in the town belonging to the plaintiffs, who are non-residents. The plaintiffs seek in a real action to recover the land from the execution purchaser. Several points are discussed, upon a motion of the defendant that the execution be amended by the proper officer.

Is an amendment necessary, to cure the irregularity and make the defendant's title good? It must be. As the proceedings now stand, the sale was unauthorized. An officer could not sell property without any execution in his hands. No more can he sell property against which an execution in his hands does not run. As to such property he has no execution. The statutory requirement would be nugatory, if to obey it or disobey it amounted to the same thing. *Pillsbury* v. *Smyth*, 25 Maine, 427. *Thompson* v. *Smiley*, 50 Maine, 67. *Chase* v. *Merrimack Bank*, 19 Pick. 564. *Kent* v. *Roberts*, 2 Story, 59. See other cases *infra*. This case does not come within the class of amendments allowed by the statutes of *jeofails*, which provided for the correction of many trifling errors that, under the liberalizing influence of those statutes, cannot now be regarded as errors, but comes under the general power of the court, conferred by the common law and our present statutes. Undoubtedly, in many cases the court could and would, instead of allowing a defect to be fatal to a court proceeding, remit parties to the right of having the records amended, or, even without motion, order the amendment to be made, as was done in the case of *Lewis* v. *Ross*, 37 Maine, 230. But this is not a case of the kind, for reasons to be stated hereafter.

Has the court the power to order the amendment asked for? The error was the fault of the attorney or the clerk. It is clearly amendable by order of court. The precedents are numerous that

show this. *Hall* v. *Williams*, 10 Maine, 278. *Rollins* v. *Rich*, 27 Maine, 557. *Morrell* v. *Cook*, 31 Maine, 120. *Lewis* v. *Ross*, *supra*. *Keen* v. *Briggs*, 46 Maine, 467.

While the court may allow the amendment, it is not compelled to allow it. It is a matter within its discretion. *Inhabitants of Limerick, petitioners for certiorari*, 18 Maine, 183. *Rowell* v. *Small*, 30 Maine, 30. *Herrick* v. *Osborne*, 39 Maine, 231. *Balch* v. *Shaw*, 7 Cush. 282, 284. *Bean* v. *Ayers*, 67 Maine, 482. So much is this so, that, where a single justice acts upon a motion to amend, his action is not reviewable by this court. His own discretion must govern. The reason for it is well stated in *Clapp* v. *Balch*, 3 Maine, 216, 219. An exception, however, lies to this principle, where a justice rules as matter of law, instead of as matter of expediency, or where he sends the record to the full court for its opinion, or where he allows an amendment to be made not by law allowable. Of course the discretion is a judicial one, and not the mere arbitrary will and pleasure of the judge who exercises it.

What is the rule to guide the court in exercising this discretionary power? From the very nature of things the test prescribed must be of a general and somewhat indefinite character. It is quite universally declared in the cases that an amendment is to be allowed or disallowed according as it is or is not "in the furtherance of justice." There can be no other rule. Freeman on Judgments, § 74. Bouvier's Law Dic. Amendment.

In *Rex* v. *Mayor, etc., of Grampond*, 7 Term R. 695, 696, Lord Kenyon says : " I wish that that could be attained that Lord Hardwicke in the case before him lamented, . . could not be done, namely, ' that those amendments were reducible to some certain rules ; ' but there being no such rule, each particular case must be left to the sound discretion of the court. And the best principle seems to be that on which Lord Hardwicke relied in the same case, that an amendment shall or shall not be permitted to be made, as will best tend to the furtherance of justice." In that case it was a binding custom that the mayor should be a resident of the city, and the jury found against him. But as there was an infirmity in the officer's return of the service of the mandamus

requiring him to appear, the court would not allow an amendment, inasmuch as there was some harshness in removing the mayor, who had regularly attended to his duties, and it not appearing that the corporation was injured by his non-residence within the limits of the borough.

In *Charlwood* v. *Morgan*, 1 Bos. & P. N. R. 64, the court refused to allow a slight mistake to be amended or the suit to be discontinued, because it was an encouragement of a writ of right, the effect of which greatly extended the period of the statute of limitations. Mansfield, C. J., said : " The soundest exercise of our discretion will be not to allow the amendment," which was merely the correction of the christian name of a party occurring in the statement of the pedigree of the title of the demandant. Heath, J., in the same case, said he thought " writs of right ought not to be encouraged, and that the least slip was fatal to the demandant."

In *Sale* v. *Crompton*, 2 Strange, 1209, the court refused to amend a record which had stood eleven years, in which the defendant's name (Crompton) was written " Compton," " for fear of inconvenience to other persons."

Judge Story declined to amend a writ by substituting James H. for John H. (although the judiciary act of 1789, § 20, contained the substance of our act of amendment), lest for some reason it might be injurious to a co-defendant in the case. *Albus* v. *Whitney*, 1 Story's R. 310.

In *Ridabock* v. *Levy*, 8 Paige, 197, the court declared it would not allow one party to amend who has made a slip in drawing papers, to relieve him from the consequences thereof, for the mere purpose of allowing him to take advantage of a similar slip on the part of his adversary.

In *People* v. *Montgomery*, C. P. 18 Wend. 633, the court refused to amend an amendable process, where an attorney, without leave, undertook himself to amend it, and then call upon the court to make it right.

In *Goodwin* v. *Smith*, 4 N. H. 29, the court refused to amend a process of *scire facias* against bail, the principal having been too sick to be surrendered, although the sickness was not a good

plea to a count not defective. And the same court, in *Wendell* v. *Mugridge,* 19 N. H. 109, said : "Amendments are not to be made if injustice would thereby be done to any one." That case was an action of debt upon an irregular judgment, and the court said they would refuse a necessary amendment of the judgment that was asked for by the plaintiff, if the defendant could show that, if he had had actual instead of technical notice of the first action, he could have defended against it successfully.

In *Dawes* v. *Gooch,* 8 Mass. 488, the court refused to allow to the plaintiff an amendment in the pleadings in a suit upon an administrator's bond, for the reason that the bond was of such long standing that more mischief might be produced by the investigation than could arise from finally closing the business where it then stood.

In *Campbell* v. *Rankins,* 11 Maine, 103, this court refused to allow an amendment of a declaration in a *qui tam* action, where the claim might be strictly legal, but where a hardship would be put upon the defendant. There are other cases in this state that bear upon the points here in issue. *Newall* v. *Hussey,* 18 Maine, 249. *Harvey* v. *Cutts,* 51 Maine, 604. *Boyd* v. *Bartlett,* 54 Maine, 496.

We have thus referred to cases, selected here and there, as practical illustrations of the denial of amendments "in the furtherance of justice." It is plain to be seen that the rule is to be more or less strictly construed as demanded by circumstances. What would be a just amendment under some circumstances would be unjust under other circumstances. The rule is thus stated by another court : "Where a party has obtained, through legal proceedings, an unjust advantage, and in these proceedings has made a mistake, be it ever so trivial, the law will not tolerate an amendment to secure him in his advantage. But, where it is in furtherance of justice, the law looks tolerantly on mistakes, and seeks to uphold whatever is honestly attempted to be done." *Foreman* v. *Carter,* 9 Kansas, 674.

We are convinced that in the case before us the amendment cannot be justly allowed. The plaintiffs had no actual and only a constructive notice that their land was to be sold. It was sold

for a small, while worth a large sum. They had no chance to avoid the sale or redeem the land therefrom. With the amendment allowed, they would innocently and not negligently be great losers. The amendment disallowed, none of the parties will suffer any considerable loss. The defendant can receive his money back. The original plaintiffs can renew their execution and proceed to collect it anew. In this result, the rights of all parties are substantially preserved. It is urged by the defendant that the title of the plaintiffs' predecessors was not in all respects based upon very meritorious foundation. That consideration could not weigh here. The plaintiffs claim under deeds of warranty, gave full consideration, and are in as much of an actual possession of the land as the nature of wild land permits them to be.

*Judgment for defendants.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.