MAURICE BONDUR and others,

*vs.*

HENRY LE BOURNE and 149 cords of Lumber.

ANSEL STEVENS, claimant.

York. Opinion January 29, 1887.

*Practice. Amendment. Lien. Wood pulp. R. S., c. 91, § 38.*

An amendment of the declaration of a writ may be allowed at the discretion of the court even after default.

One who cuts and piles poplar wood to be manufactured into pulp has a lien on the wood for his pay under the provisions of R. S., c. 91, § 38, although he cuts by the cord.

ON exceptions.

The case is stated in the opinion. The presiding justice ruled that the plaintiffs had a lien.

*Hamilton and Haley*, for the plaintiffs, cited: *Hayford* v. *Everett*, 68 Maine, 505; *Colton* v. *King*, 2 Allen 317; *Sands* v. *Sands*, 74 Maine, 239; R. S., c. 91, § 38.

*R. P. Tapley*, for the claimant.

The first point to be noticed is that the amendment is made long after default. The defendant is not in court. The plaintiff had taken his default without amendment.

There was, at the time this action was commenced, no lien on wood for cutting into cord wood. The first act giving such lien was c. 280, Laws of 1885.

It is claimed this material is lumber, and a lien exists or is created thereon by sec. 38, c. 91, R. S. That section provides "that whoever labors at cutting, hauling, rafting or driving logs or lumber has a lien thereon for his personal services." It does not embrace peeling or piling of logs or lumber, both of which acts are done on logs and lumber.

The contract was entire. It is not susceptible of division. The three acts enter into it and it cannot be sub-divided. It is for all, the $1.25 was to be paid; not for a part. If cutting is a lien claim, peeling and piling is not. No statute provides for a lien on lumber for peeling and piling.

Manufacture of the log into lumber makes it the lumber of commercial use. After it leaves the log for lumber use it is denominated lumber; the log has disappeared and the lumber appeared. Hence as has been held in *Sands* v. *Sands*, 74 Maine, 240, cedar shingles if cut four feet in length and hauled to the mill, is embraced in c. 91, sec. 38.

VIRGIN, J. Assumpsit for cutting, peeling and piling 149¾ cords of poplar lumber for pulp. The defendant was defaulted. The claimant came in to defend against an alleged lien. The presiding justice, after the default of the defendant, allowed an amendment by striking out the word "peeling," and the claimant alleged exceptions.

We think the ruling was within the discretion of the judge. *Hayford* v. *Everett*, 68 Maine 505; *Colton* v. *King*, 2 Allen, 317.

We are of opinion also that his ruling was correct in relation to the lien. *Sands* v. *Sands*, 74 Maine, 239.

To be sure, the contract was specific in terms to prevent any misunderstanding, and included "peeling and piling," as well as "cutting," which term alone is mentioned in R. S., c. 91, § 38, as being the foundation of a lien. But it was poplar, cut into logs of four feet in length, for the particular purpose of being manufactured into pulp. Moreover, the evidence is that it must be "peeled" before it can be thus manufactured, not as in the cases of hemlock because the bark is of any value, but in

order to fit it for manufacture, and which is as essential as cutting, and, as one of the witnesses testifies, "peeling is an incident and necessary to it as pulp lumber."

Of course, it must be "piled" by the chopper, who cuts it by the cord, in order that his surveyor might ascertain the quantity and thereby furnish him the means of knowing how much he was entitled to under the contract which was to be $1.25 per cord.

*Exceptions overruled.*

Peters, C. J., Walton, Libbey, Foster and Haskell, JJ., concurred.